UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANTHONY THROOP, ) | NO. CV 05-04312 ABC (SS) |
| Petitioner, ) | **ORDER MODIFYING AND ADOPTING** |
| v. ) | **FINDINGS, CONCLUSIONS AND** |
| FRANCISCO JACQUEZ, Acting Warden,) | **RECOMMENDATIONS OF UNITED STATES** |
| Respondent. ) | **MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, the Magistrate Judge's Report and Recommendation, and Petitioner's Objections. After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge. However, the Court modifies the Report as indicated below.

In his November 20, 2009 Objections, Petitioner objected to the Report's conclusion that he did not have a Sixth Amendment right to counsel when he spoke with his mother on April 10, 1991, because he was

1  not formally charged in the Ventura County Superior Court until June 3,
2  1991.  (See Objections at 1-2; see also R&R at 15).  Petitioner
3  correctly notes that "[b]ecause [he] was a juvenile, the initial
4  proceedings were in juvenile court, and his arraignment in adult court
5  on June 3, 1991 could not come until after the juvenile court had
6  certified that [he] was not 'a fit and proper and proper [sic] subject
7  to be dealt with under the juvenile court law.'"  (Objections at 1-2).
8  Indeed, California law entitles a minor to counsel at the initiation of
9  a detention hearing in juvenile court.  See Alfredo A. v. Superior
10 Court, 6 Cal. 4th 1212, 1221-22, 26 Cal. Rptr. 2d 623 (1994); see also
11 Cal. Welf. & Inst. Code § 633 ("Upon his appearance before the court at
12 the detention hearing, such minor and his parent or guardian, if
13 present, shall first be informed of the reasons why the minor was taken
14 into custody, the nature of the juvenile court proceedings, and the
15 right of such minor and his parent or guardian to be represented at
16 every stage of the proceedings by counsel.").

18     Clearly established federal law similarly holds that minors have a
19 Sixth and Fourteenth Amendment right to counsel at the initiation of
20 proceedings in juvenile court, but not necessarily during the
21 investigatory phase.  See In re Gault, 387 U.S. 1, 41, 87 S. Ct. 1428,
22 18 L. Ed. 2d 527 (1967); accord Juvenile Male v. N. Mariana Islands, 255
23 F.3d 1069, 1072 (9th Cir. 2001) (recognizing Supreme Court precedent
24 establishing the right to counsel at juvenile proceedings); United
25 States v. Doe, 155 F.3d 1070, 1073 (9th Cir. 1998) ("The Court in Gault,
26 however, declined to establish specific procedural requirements for the
27 investigatory phase stating 'we are not here concerned with the

procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process.' Thus, . . . <u>Gault</u> is of little specific guidance in a case where the juvenile's statement is taken during the investigation and prior to any proceedings." (quoting <u>In re Gault</u>, 387 U.S. at 13) (citation omitted)); <u>see also</u> <u>Murray v. Earle</u>, 334 Fed. Appx. 602, 606 (5th Cir. June 3, 2009) (rejecting argument that a juvenile has Sixth Amendment right to counsel prior to the initiation of "criminal or judicial proceedings").

Under California law, a minor is entitled to a detention hearing within 48 to 72 hours of being arrested. See <u>Alfredo A.</u>, 6 Cal. 4th at 1220 ("[T]he minor must be afforded a formal, adversarial 'detention hearing' in juvenile court as soon as possible but in any event no later than the expiration of the next judicial day after a petition to declare the minor a ward . . . has been filed--i.e., 48 to 72 hours after arrest (excluding nonjudicial days)." (internal quotation marks and brackets omitted)). Here, the record shows that Petitioner was arrested on April 9, 1991. (<u>See</u> 1 CT 132). The record does not, however, clearly indicate when Petitioner's detention hearing occurred. The record does contain two newspaper articles (attached to Petitioner's first habeas petition to the California Supreme Court) which suggest a hearing involving Petitioner proceeded on April 12, 1991. (<u>See</u> Lodgment 4, Exh. A, "Adult Trial to Be Asked in Drive-By Slayings" & "4 Teen-Agers Arraigned in Shootings"). Thus, it appears that Petitioner did not have a Sixth Amendment right to counsel when he spoke with his mother on April 10, 1991, because he had not yet had a detention hearing or made any other appearance.

1 | Even assuming, arguendo, that Petitioner had a Sixth Amendment right to counsel on April 10, 1991, his right to counsel was not violated because Petitioner has not demonstrated that his mother acted as an agent for the police or that she deliberately elicited incriminating statements. (See R&R at 16-17). Petitioner objected to the Report's conclusion that his mother was not an agent of Sergeant Buckley. (See Objections at 2; see also R&R at 16). Specifically, Petitioner argued that "Sergeant Buckley admitted that when he set up the meeting between [P]etitioner and his mother, he knew that she would be trying to get the truth out of him." (Objections at 2). As explained in the Report, however, the fact that Sergeant Buckley may have taken advantage of Petitioner's desire to speak with his mother and his mother's desire for the truth would not have violated Petitioner's Sixth Amendment right to counsel, even if it had attached. (See R&R at 16-17); see also Kuhlmann v. Wilson, 477 U.S. 436, 459, 106 S. Ct. 2616, 91 L. Ed. 2d 364 (1986) ("Since the Sixth Amendment is not violated whenever -- by luck or happenstance -- the State obtains incriminating statements from the accused after the right to counsel has attached, a defendant does not make out a violation of that right simply by showing that an informant, either through prior arrangement or voluntarily, reported his incriminating statements to the police. Rather, the defendant must demonstrate that the police and their informant took some action, beyond merely listening, that was designed deliberately to elicit incriminating remarks." (internal quotation marks and citation omitted)); Brooks v. Kincheloe, 848 F.2d 940, 945 (9th Cir. 1988) (holding that a jail cell informant did not violate a petitioner's Sixth Amendment right to counsel because he was not a government agent and

4

even if he was, "the detectives did not request [the informant] to elicit any information from [the petitioner]"). Indeed, Sergeant Buckley testified that he simply informed Petitioner's mother of Petitioner's desire to speak with her and she stated that "she wanted to know what the truth was." (1 RT 53).

Petitioner cited to Maine v. Moulton, 474 U.S. 159, 106 S. Ct. 477, 88 L. Ed. 2d 481 (1985), for the proposition that "the Sixth Amendment is violated when the State obtains incriminating statements by knowingly circumventing the accused's right to have counsel present in a confrontation between the accused and a state agent." Id. at 176; (see Objections at 2). Moulton is distinguishable, however, because Petitioner has not demonstrated that his mother acted as an agent for the police, (see R&R at 16), and because both Petitioner and his mother were informed that their conversation would be monitored. (See 1 CT 133); see also Franklin v. Fox, 312 F.3d 423, 443 (9th Cir. 2002) (distinguishing Moulton because of the lack of an "express agreement" between the police and the informant/daughter of the suspect).

Finally, Petitioner objected to the Report's conclusion that he did not invoke his Fifth Amendment right to counsel. (See Objections at 3-4; see also R&R at 20-21). Specifically, Petitioner noted that he declined to waive his Miranda rights. (See Objections at 3). Indeed, the record demonstrates that Petitioner "declined to waive his Miranda rights, stating, when asked if he would waive, 'I guess not, no.'" (1 CT 132; see also R&R at 20). However, Petitioner's refusal to waive his Miranda rights is not the same as invoking his right to counsel. See

5

1  United States v. Rodriguez, 518 F.3d 1072, 1079 (9th Cir. 2008) ("It is
2  well settled that invocation and waiver of Miranda rights are entirely
3  distinct inquiries, and the two must not be blurred by merging them
4  together." (internal quotation marks and brackets omitted)); see also
5  United States v. Younger, 398 F.3d 1179, 1187 (9th Cir. 2005) ("At a
6  minimum, invocation of the right to counsel requires some statement that
7  reasonably can be construed to be an expression of a desire for the
8  assistance of an attorney." (internal quotation marks omitted)).
9  Moreover, even if Petitioner had invoked his right to counsel, the
10 record demonstrates that Petitioner asked to speak with his mother.
11 (See 3 RT 556; 1 CT 132); see also Edwards v. Arizona, 451 U.S. 477,
12 484-85, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981) ("[A]n accused, such as
13 [the petitioner], having expressed his desire to deal with the police
14 only through counsel, is not subject to further interrogation by the
15 authorities until counsel has been made available to him, unless the
16 accused himself initiates further communication, exchanges, or
17 conversations with the police." (emphasis added)); United States v.
18 Jennings, 515 F.3d 980, 986 (9th Cir. 2008) (rejecting argument that
19 government agents violated a defendant's Fifth Amendment right to
20 counsel because "the undisputed evidence show[ed] that [the defendant]
21 initiated the conversation"). As Petitioner initiated the conversation
22 with his mother, he cannot claim that the conversation violated his
23 Fifth Amendment rights.
24 \\
25 \\
26 \\
27 \\
28

Accordingly, IT IS ORDERED THAT:

1. The Petition is DENIED and Judgment shall be entered dismissing this action with prejudice.

2. The Clerk shall serve copies of this Order and the Judgment herein by United States mail on counsel for Petitioner and on counsel for Respondent.

DATED: Jan 11, 2010

_____
AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE